# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Brian J. Roudabush | Case No.: 2:11-cv-00994 |
| Plaintiff | Judge Sargus |
| vs. | STIPULATED PROTECTIVE ORDER |
| Daniel A. Conkright et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Brian J. Roudabush, Defendant Daniel A. Conkright, and Defendant Franklin County Agricultural Society (hereinafter, Plaintiff and all Defendants referred to collectively as the "Parties") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties relating to Federal entitlement program benefits, State of Ohio entitlement program benefits, medical histories, medical tests and diagnosis, medical treatments, mental health histories, mental health tests and diagnosis, mental health reports, trade secrets, confidential research, development, technology or other proprietary information, personal income, credit and other confidential information belonging or relating to the respective producing Parties (all such documents and information is referred to herein as "**Confidential Information**").

WHEREAS, depositions and other discovery and examinations have been and may be sought and taken by the Parties in which such **Confidential Information** may be produced, exhibited, or disclosed by and among the Parties.

THEREFORE, incorporating the above recitals, an Order of this Court protecting such **Confidential Information** shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all such **Confidential**

**Information** produced or given in this action in accordance with the terms hereof.

2. Any Party causing documents or other materials to be produced or filed in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If that Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents or other materials it designates as "Confidential" are disclosed to the other Parties to this action, the Party causing such documents or other materials to be produced or filed in this action may designate those particular documents as "Confidential—Attorneys' Eyes Only."

3. Any non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If that non-party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents or other materials it designates as "Confidential" are disclosed to the other Parties to this action, the non-party producing or filing such documents or other materials to be produced or filed in this action may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. **Confidential Information** shall include within its meaning documents or other materials which are specifically designated as "Confidential," or "Confidential—Attorneys' Eyes Only." The Parties agree that **Confidential Information** shall also include within its meaning documents or other materials previously tendered or disclosed as part of any: (i) Civ. R. 26 initial disclosures; (ii) answers, responses, and any and all supplements to Civ. R. 33, Civ. R. 34, and/or Civ. R. 36 inquiries; and (iv) Civ. R. 30 and/or Civ. R. 31 disclosures and related deposition transcripts.

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other

papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials as "Confidential Information" and shall file them with the clerk under seal. <u>Any party filing any such documents under seal must comply with the requirements of Local Rule 79.3 and must request and be granted leave of the Court to file under seal</u>.

6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any **Confidential Information** hereunder, shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of <u>this</u> action in accordance with the provisions of this Order

7. Except with the prior written consent of the individual or entity producing **Confidential Information** or pursuant to prior Order after notice, any **Confidential Information** including any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any **Confidential Information**) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) the Parties; (c) counsel for the Parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information; and (e) present employees or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

8. Except with the prior written consent of the individual or entity producing **Confidential Information** or pursuant to prior Order after notice, any **Confidential Information** including any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses

any **Confidential Information**) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (b) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (c) the author of the document or the original source of the **Confidential Information**.

9. **Confidential Information** produced subject to this Order shall not be made available to any person designated in Subparagraph 8(a) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

10. All persons receiving any **Confidential Information** produced pursuant to this Order shall be advised of their confidential nature. All persons to whom such **Confidential Information** is disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action. No person receiving or reviewing such **Confidential Information** shall disseminate or disclose them to any person other than those described above in Paragraph 7 and Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, nothing in this Order shall prevent a party from using at trial any **Confidential Information**. Nothing in this Order shall be construed to supplant or alter any applicable Federal or Ohio statutory mandate regarding the protection of information herein designated as **Confidential Information**.

12. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action and each agree to bear their own cost and fees in complying with its terms. Neither the entry of this Order, nor the designation of any information as **Confidential Information** shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

14. In the event that any Party disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information as **Confidential Information**, the designated document or information shall continue to be treated as subject to the provisions of this Protective Order.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: 6-07-, 2012

Respectfully submitted,

*[signature]*

John Xavier Perez (#0077964)
LAW OFFICE OF JOHN XAVIER PEREZ, LLC
545 Metro Place South, Suite 100
Dublin, OH 43017
Tel: (614) 459-9006
Fax: (614) 453-8209
Email: jxp@xavier-law.com
Counsel for Plaintiff Brian J. Roudabush

Dated: 6-05-, 2012

Respectfully submitted, per email authorization 06-05-12

*D. Patrick Kasson*

D. Patrick Kasson (#0055570)
Reminger Co., LPA
65 East State St., 4th Floor
Columbus, Ohio 43215
Tel: (614) 232-2418
Fax: (614) 232-2410
Email: pkasson@reminger.com
*Counsel for Defendant Franklin County Agricultural Society*

Dated: 6-04-, 2012

Respectfully submitted,

*[signature]*

Phillip D. Lehmkuhl (#0021246)
101 North Mulberry Street
Mount Vernon, Ohio 43050
Tel: (740) 393-2788
Fax: (740) 392-2786
Email: lehmkuhllaw@yahoo.com
*Counsel for Defendant Daniel A. Conkright*

IT IS SO ORDERED.

Dated: 6/7/2012

_____
Norah McCann King
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective order.

6. I will comply with all provisions of this Stipulated Protective order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2012 at _____.

_____
QUALIFIED PERSON